Graves, J.:
The case shows that when Luhn died, certain notes which plaintiffs in error had made for his accommodation, and which he had used, were about maturing; that by his will *he desired his wife to go on with the old business, and without change, and to have Day, who had been his manager and general agent, continue, and that plaintiffs in • error were anxious that this course should be pursued; that with their approbation Mrs. Luhn accordingly went on under the name of “J. H. Luhn,” and that Day was empowered to transact all the business; that knowing of Luhn’s death, and all the circumstances, they corresponded with Day, but addressing their letters to “ J. H. Luhn,” while he (Day) wrote over the same signature; that Luhn’s executors abstained from all interference, and that desiring to take care of the old accommodation paper, plaintiffs in error, notwithstanding Luhn’s *485 death, made and sent to Day the notes in suit to be used to take up that paper. They were drawn payable to “J. H. Luhn.” Day, representing the concern carried on by Mrs. Luhn under the name of “ J. H. Luhn,” on receiving the notes from plaintiffs in error, sold and endorsed them to Hemann. The latter received them, during their currency, without notice that they partook of the character of accommodation paper, and in the usual course of business, and paid their value in cash to Day. He endorsed them “ J. H. Luhn, by John D. Day, attorney,” and in fact used the proceeds to take up the old notes. There was no misapplication. The notes having been made by plaintiffs in error after Luhn’s death, and entrusted to Day, who represented the concern bearing the style of “ J. H. Luhn,” to be used to take up the old paper, and with full knowledge of all the facts, and Hemann having bought them of Day in the usual course of business, for value, and without notice, and upon the endorsement made by Day, and which was prima facia the proper one to pass title, and, moreover, Day having in fact applied the proceeds to accomplish the very purpose intended by plaintiffs in error, there was no basis for the defense, and the rulings of the court were entirely correct.
The facts show that, in framing the notes and in entrusting them to Day, the plaintiffs in error contemplated *that he, as the representative of the concern carried on by Mrs. Luhn under the name of “J. H. Luhn,” and whose paper he w,as entitled to negotiate and endorse, should use them for the purpose of taking care of the old notes; and that he in fact received them and used them in that way; and in the second place, the defendant in error was entitled to suppose the notes were regularly transferable by Day by his endorsement of the name of the concern he was known to represent, that being the same name to whose order the notes were made payable, and their date being much later than the death of J. H. Luhn.
The judgment should be affirmed, with costs.
The other justices concurred.